# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM EUGENE WEBB,**

  **Plaintiff,**

**v.**                **Civil Action No.: 2:09 CV 107**
                        **(Maxwell)**

**KUMA J. DEBOO, Warden**

  **Defendant.**

## ORDER

On September 4, 2009, *pro se* plaintiff William Eugene Webb initiated the above-styled civil action by filing a civil rights complaint pursuant to ***Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics***, 403 U.S. 388 (1971). This case was referred to Magistrate Judge James E. Seibert in accordance with Rule 83.02 of the Local Rules of Prisoner Litigation Procedure and 28 U.S.C. §§ 1915(e)(2) and 1915A.

By Order to Answer entered September 23, 2009, Magistrate Judge Seibert found that summary dismissal was not appropriate at that time; directed the Clerk of Court to issue a sixty days summons to the defendant and gave the plaintiff thirty days from the date of any response by the defendant in which to file a reply. See Doc. 12.

On November 24, 2009, a Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment (Doc. 19) was filed by the defendant. A Memorandum of Law in Support thereof was also filed herein by the defendant on November 24, 2009. See Doc. 20.

A ***Roseboro*** Notice (Doc. 21) was issued by Magistrate Judge Seibert on November

25, 2009, advising the plaintiff that he had thirty days from the date thereof in which to file any opposition to the defendant's Motion and to explain why his case should not be dismissed. Thereafter, by Order entered January 4, 2010, Magistrate Judge Seibert granted a Motion for an Extension of Time filed by the plaintiff and gave the plaintiff an additional thirty days in which to respond to the defendant's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment (Doc. 24).

The plaintiff's Motion to Deny Defendant's and Counter-Motion for Summary Judgment (Doc. 26) was filed on February 8, 2010.

On May 18, 2010, Magistrate Judge Seibert entered a Report and Recommendation (Doc. 29) wherein he recommended that the defendant's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment be granted; that the plaintiff's Counter-Motion for Summary Judgment be denied; that the plaintiff's Motion for a Calendar Call be denied; and that the plaintiff's Complaint be dismissed, with prejudice, for failure to state a claim upon which relief can be granted. Specifically, Magistrate Judge Seibert found that, in his Complaint, the plaintiff was attempting to state a claim under the Eighth Amendment which prohibits punishments that "involve the unnecessary and wanton infliction of pain." Magistrate Judge Seibert further found that triple bunking, as alleged by the plaintiff, is not per se unconstitutional and that placement in a three-man cell is not an atypical or significant hardship that would entitle the plaintiff to any due process protections. Additionally, Magistrate Judge Seibert found that, to the extent that the plaintiff was alleging that triple bunking violates a BOP Program Statement, the same did not rise to a constitutional violation and did not, accordingly, serve as an appropriate claim for relief in

a ***Bivens*** action.  Finally, after recognizing that triple bunking is the result of overcrowding and that overcrowding, with all its consequences, can reach such proportions that the impact of the aggregate effects amounts to cruel and unusual punishment, Magistrate Judge Seibert noted that the plaintiff had failed to allege that he personally had suffered any significant physical or emotional injury resulting from the crowded housing conditions at FCI Gilmer and that, accordingly, the plaintiff had failed to state a viable ***Bivens*** cause of action.

In his Report and Recommendation, Magistrate Judge Seibert provided the parties with fourteen days from the date of service of said Report and Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Report and Recommendation

The plaintiff's Objections to Magistrate Report and Recommendation (Doc. 31) were filed on June 7, 2010.  Accordingly, this matter is now ripe for review.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made.  The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed.  ***Thomas v. Arn***, 474 U.S. 140, 150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the plaintiff's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir 1989); ***United States v. Schronce***, 727 F.2d

3

91, 94 (4th Cir. 1984).

As previously noted, on June 7, 2010, the plaintiff filed his Objections to Magistrate Report and Recommendation (Doc. 31). As part of his Objections, the plaintiff submitted an Affidavit wherein he avers how he personally has been affected by the crowded housing conditions at FCI Gilmer. In response to the Magistrate Judge's determination that he had failed to allege that he had suffered any significant physical or emotional injury as a result of the crowded housing conditions at FCI Gilmer, the plaintiff, in his Affidavit, avers that he is "currently experiencing all types of deprivations as a direct result of the overcrowded conditions, including inaccessibility of showers, washing-machines and dryers, telephones, microwaves, dining table area, and televisions with my housing unit" (Doc. 31-1 at 3). Additionally, the plaintiff avers in his Affidavit that he is a "Chronic Care Patient" and that he is only seen every six months, regardless of what type of requests for medical care he makes on the triage sick-call request forms.

The Court has conducted a *de novo* review only as to the portions of the Report and Recommendation to which the plaintiff objected. The remaining portions of the Report and Recommendation to which the plaintiff has not objected have been reviewed for clear error.

In its 1993 opinion in the case of **Strickler v. Waters**, the United States Court of Appeals for the Fourth Circuit held as follows with regard to the evidence necessary for an inmate to establish an Eight Amendment claim for cruel and unusual punishment based on prison conditions:

> We reaffirm today the essential holding in **Lopez** and our earlier holding in **Shrader** that in order to withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or

4

> significant physical or emotional injury resulting from the challenged conditions. The Eighth Amendment does not prohibit cruel and unusual prison conditions; it prohibits cruel and unusual punishments. If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the Amendment.

989 F.2d 1375 at 1380-1381 (4th Cir. 1993). The Court has carefully reviewed the plaintiff's averments as to the physical and/or emotional injuries he has sustained as a result of the conditions at FCI Gilmer and finds that the same are insufficient evidence of him having sustained any serious or significant physical or emotional injury as a result of said conditions. As the Fourth Circuit Court of Appeals noted in the **Strickler** case, "[t]he mere incantation of "physical and mental injury," of course, is inadequate to survive a motion for summary judgment. "At a minimum, an inmate must specifically describe not only the injury but also its relation to the allegedly unconstitutional condition." *Id.* at 1381, n.9. Here, as was true in the **Strickler** case, the plaintiff has failed to meet his heavy burden under the Eighth Amendment.

For the foregoing reasons, the Court is of the opinion that Magistrate Judge Seibert's Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action. Accordingly, it is

**ORDERED** that the Report and Recommendation entered by United States Magistrate Judge James E. Seibert on May 18, 2010, (Doc. 29), be, and the same is hereby, **ACCEPTED** and the above-styled civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the defendant's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment (Doc. 19) be, and the same is hereby, **GRANTED**. It is further

**ORDERED** that the plaintiff's Motion to Deny Defendant's and Counter-Motion for Summary Judgment (Doc. 26) be, and the same is hereby, **DENIED**. It is further

**ORDERED** that the plaintiff's Motion for a Calendar Call (Doc. 28) be, and the same is hereby, **DENIED**. It is further

**ORDERED** that the plaintiff's Complaint (Doc. 1) be, and the same is hereby, **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. It is further

**ORDERED** that the Clerk of Court shall enter judgment for the defendant. It is further

**ORDERED** that, should the plaintiff desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the plaintiff may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

The Clerk of Court is directed to transmit copies of this Order to the *pro se* plaintiff and to counsel of record.

**DATED**: July 30, 2010.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE